No. 12,247.

DENVER TRAMWAY CORPORATION *v.* ANCKER.

(291 Pac. 1019)

Decided September 15, 1930.

Mr. GERALD HUGHES, Mr. W. A. ALEXANDER, Mr. D. D. KEIM, for plaintiff in error.

Messrs. CRUMP & RILEY, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

ANCKER had judgment on a verdict for $151.78 against the Denver Tramway Corporation, a review of which is here sought on error.

The complaint charged that, while the plaintiff was in the act of parking his Studebaker automobile on the northeast side of Fifteenth street in the block between Blake and Wazee in the business section of Denver, defendant negligently, carelessly and without warning drove its street car upon its line of tracks in a northwesterly direction into plaintiff's said automobile, causing damages thereto in the sum of $151.78 cost of repairs and $250 for depreciation in value. The answer denied these charges and alleged plaintiff's negligence and contributory negligence which was denied in the replication. The evidence disclosed that the plaintiff had stopped his car alongside a parked car ahead of a parking space near the alley between Blake and Wazee and on the northeast side of Fifteenth street about 75 feet from the corner of Blake street; that he put his hand out indicating he intended to stop, turned around to see that everything was clear in the rear, observed defendant's street car stopping at the corner of Blake street about 75 feet away discharging passengers and was in the act of backing into the parking space when the street car struck the left front of his automobile, causing the damage. Plaintiff's witnesses testified that immediately preceding and at the time of the accident, the street car was travelling at an excessive speed variously estimated between 25 and 35 miles per hour and that the motorman made ineffectual efforts to stop his car before the collision. One witness testified that the motorman rang his bell. Another testified that he heard no bell. The automobile was dragged a distance of from 6 to 10 feet. Defendant's motorman testified that he saw plaintiff's car at the corner of Blake street and thereafter continuously watched it; that at said corner he was travelling at the rate of 4 miles per hour and increased his speed to from 8 to 10 miles per hour and slowed down, applying his brakes 15 feet before reaching plaintiff's automobile; that at the rate he was going he could have stopped his car within 15 feet and that he rang his gong as he approached.

Defendant's only other witness corroborated the motorman's testimony. Further testimony was introduced showing that plaintiff had expended the sum of $151.78 to repair his automobile and that in addition to this amount it had depreciated in value, as a result of said collision, $250. The jury's verdict was for the exact amount of repairs only.

It is contended that depreciation in addition to the amount expended for repairs is not recoverable and that the court erred in admitting testimony thereof and in submitting this question to the jury. Assuming, but not deciding, that depreciation in addition to cost of repair may not be recovered, any error of the court in connection therewith was cured by the verdict of the jury, which covered solely the cost of repairs. Consequently defendant's rights were not prejudiced thereby.

It is further asserted that the court erred in overruling defendant's motion for nonsuit and directed verdict. On the question of reasonable care of both plaintiff and defendant, the testimony was substantially conflicting. Under these circumstances, it is elementary that the court should have submitted the case to the jury. Objections made to certain instructions given by the court are without merit. The jury's verdict based upon conflicting testimony under sufficient and proper instructions cannot be disturbed.

Judgment affirmed.

Mr. Chief Justice Whitford, Mr. Justice Butler and Mr. Justice Burke concur.